IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ADANMA DURU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. Action No. 3:14-CV-3636-L |
| | § | |
| DR. ROBERT SCHEINER, et al., | § | |
| | § | |
| Defendants. | § | PTRL Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the standing order of reference dated May 29, 2015 (doc. 14), before the Court is the plaintiff's *Motion Request for Default Judgment*, filed on July 22, 2015 (doc. 15). Based on the relevant filings and applicable law, the motion should be **DENIED**.

## I. BACKGROUND

On October 9, 2014, the plaintiff filed this *pro se* employment discrimination action against the defendants and paid the filing fee. (*See* doc. 3.) Summonses were issued for the three defendants on December 17, 2015. (*See* doc. 5.) On December 23, 2015, all three defendants moved to dismiss the complaint. (*See* doc. 6.) Summonses were re-issued for the three defendants on December 29, 2015. (*See* doc. 9.) The plaintiff filed proof of service of the complaint on the three defendants on January 23, 2015. (*See* docs. 10, 11, 12.) On February 26, 2015, the plaintiff requested entry of default, but it was denied due to the pending motion to dismiss. (*See* doc. 13.)

## II. ANALYSIS

The plaintiff moves for entry of default judgment pursuant to Fed. R. Civ. P. 55 based on the defendants' failure to timely file an answer to her complaint.

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a

default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the defendants have defended the case by filing a motion to dismiss. *See Rogers v. Barnhart*, 365 F.Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance")). Because the defendants appeared and defended the case, the Clerk of Court declined to enter a default under Rule 55(a). Without a prior entry of default, a party has no basis to seek a default judgment. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).

Because the defendants have defended this action, and no default has been entered, entry of default judgment is not warranted.

### III.  RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SIGNED this 23rd day of July, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE